UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PATRICIA HEWITT, on behalf of herself, individually,
and all other persons similarly situated,

                              Plaintiff,                        **CLASS ACTION**
                                                                     **COMPLAINT**

  -against-

SPRINT/UNITED MANAGEMENT COMPANY and        *Jury Trial Demanded*
WARRANTY LOGISTICS, LLC d/b/a ASURION,

                              Defendants.
-------------------------------------------------------------------------X

       Plaintiff, PATRICIA HEWITT ("Plaintiff"), on behalf of herself, individually, and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants SPRINT/UNITED MANAGEMENT COMPANY ("Sprint") and WARRANTY LOGISTICS, LLC d/b/a ASURION ("Asurion") (Sprint and Asurion collectively as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants who were employed as manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law § 191 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").  Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, attorneys' fees, costs and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## PARTIES

4. At all times relevant, Plaintiff is and was a resident of Suffolk County, New York.

5. At all times relevant, Plaintiff is and was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

6. At all times relevant, Defendant Sprint is a foreign business corporation established in the State of Kansas with corporate headquarters located at 6200 Sprint Parkway, Overland Park, Kansas 66251.

7. At all times relevant, Defendant Sprint was an "employer" within the meaning of NYLL § 190(3).

8. At all times relevant, Defendant Asurion is a foreign limited liability company established in the State of Delaware with corporate headquarters located at 648 Grassmere Park Drive, 2nd Floor, Nashville, Tennessee 37211.

9. At all times relevant, Defendant Asurion was an "employer" within the meaning of NYLL § 190(3).

## FACTUAL ALLEGATIONS

10. Defendant Sprint is a nationwide company that provides cellular telephone services and sells cellular telephones and related products.

11. From six years prior to the commencement of this action until on or about March 3, 2017, Sprint employed repair technicians at its numerous stores throughout New York to perform mobile phone repairs on site for customers.

12. Defendant Asurion is a nationwide company that provides insurance and repair services for consumers' mobile phones.

13. Since on or about March 4, 2017 until the present, Defendant Asurion employed and continues to employ repair technicians at numerous stores throughout New York to perform mobile phone repairs on site for customers.

14. Plaintiff commenced her employment with Defendant Sprint in or about 1999. Defendant Sprint employed Plaintiff as an hourly-paid, manual worker as a repair technician from six years prior to the commencement of this action until on or about March 3, 2017.

15. Defendant Asurion employed and continues to employ Plaintiff as an hourly-paid, manual worker as a repair technician from on or about March 4, 2017 until the present.

16. Throughout her employment, Plaintiff has been employed by Defendants within New York. As of this filing, Plaintiff is assigned to Defendant Asurion's location at the Tanger Outlets mall, located at 214 Tanger Mall Drive, Riverhead, New York 11909.

17. On or about March 3, 2017, Defendant Sprint sold, or otherwise transferred, its repair technician department within New York to Defendant Asurion. Thus, beginning on or about March 4, 2017, all of Defendant Sprint's repair technicians working in New York became employees of Defendant Asurion as repair technicians.

18. Both as employees of Defendant Sprint and Defendant Asurion, Defendants' repair technicians, including Plaintiff, were primarily responsible for performing manual tasks, including using tools to repair mobile phones, remove and replace screens, replace charging ports, replace speakers, and engaging in other repairs and repair techniques, and preparing and receiving packages.

19. From six years prior to the commencement of this action until the present, both while employed by Defendant Sprint and Defendant Asurion, Plaintiff and other repair technicians regularly performed these manual tasks during the majority of their hours worked and, therefore, Plaintiff and other repair technicians spent more than twenty-five percent of their hours worked each week performing such manual tasks.

20. From six years prior to the commencement of this action until the present, Defendant Sprint and Defendant Asurion subjected Plaintiff and other repair technicians to the same compensation practices.

21. From six years prior to the commencement of this action until the present, both while employed by Defendant Sprint and Defendant Asurion, Defendants paid Plaintiff and other repair technicians by check every two weeks.

22. Thus, from six years prior to the commencement of this action until the present, Defendants failed to timely pay Plaintiff and other repair technicians their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

23. Defendants both treated and paid Plaintiff and the Class Members in the same or similar manner.

### **RULE 23 CLASS ACTION ALLEGATIONS**
### **NEW YORK STATE LABOR LAW**

24. Plaintiff brings her First Claim for Relief under the New York Labor Law on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by Defendant Sprint from six years prior to the commencement of this action until on or about March 3, 2017 or Defendant Asurion from on or about March 4, 2017 until the present as an hourly paid repair technician, or similarly situated employees regardless of job title, in the State of New York (hereinafter referred to as the "Class" or the "Class Members").

25. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

26. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests is presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as covered Class Members during the six (6) years prior to the filing of this Complaint.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants failed to timely pay Plaintiff and Class Members their wages earned on a weekly basis

and not later than seven calendar days after the end of the week in which the wages are earned; whether Defendants paid Plaintiff and Class Members on a bi-weekly basis in violation of NYLL § 191; and what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

28. Plaintiff's claim is typical of the claims of the Class that she seeks to represent. Defendants failed to pay Plaintiff and the Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claim is typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against one or more corporate defendants.

31. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation of each Class Members' claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

32. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

33. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(NYLL § 191: FREQUENCY OF PAYMENT)**

34. Plaintiff and Class Members reallege and incorporate by reference the preceding allegations as if fully set forth herein.

35. From six years prior to the commencement of this action until the present, Plaintiff and Class Members were employed as manual workers or workingmen, as defined by the NYLL.

36. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

7

37. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

38. Defendants' violations of the NYLL have been willful and intentional.

39. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## DEMAND FOR A JURY TRIAL

40. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and Class Members demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class Members respectfully request that this Court grant the following relief:

(i) Issuing an order restraining Defendants from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting New York State Department of Labor Regulations;

(iii) Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

(iv) Designation of Plaintiff as class representative and counsel of record as Class Counsel;

(v) Awarding damages pursuant to NYLL § 191;

    (vi)    Awarding attorneys' fees incurred in prosecuting this action;

    (vii)    Awarding costs incurred in prosecuting this action; and

    (viii)    Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        June 19, 2020

                      LAW OFFICE OF PETER A. ROMERO PLLC
                      *Attorneys for Plaintiff*
                      825 Veterans Highway, Suite B
                      Hauppauge, New York 11788
                      Tel.: (631) 257-5588

By: _____
      DAVID D. BARNHORN, ESQ.
      PETER A. ROMERO, ESQ.